UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| E.J. SIERON, *et al.*, <br><br>       Plaintiffs, <br><br>  v. <br><br>HANOVER FIRE AND CASUALTY INSURANCE COMPANY, a subsidiary of Hanover Holdings, Inc., and THOMAS RIPPERDA, respondent in discovery, <br><br>       Defendants. | Case No. 06-cv-501-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on defendant Hanover Fire and Casualty Insurance Company's (Hanover) motion to dismiss (Doc. 30). The plaintiffs have filed a brief in opposition to this motion (Doc. 55), and Hanover has replied (Doc. 62). For the following reasons, Hanover's motion to dismiss will be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Fire destroyed plaintiff Theresa Harriel (Harriel), Angela and Oka Williams (the Williams), and Curtis Warner's (Warner) homes on October 20, 2005, November 11, 2005, and December 5, 2005 (collectively the individual plaintiffs). The individual plaintiffs obtained insurance for their homes from Hanover and filed claims in accordance with the terms of their policies. Hanover sent Thomas Ripperda (Ripperda) to investigate these claims. Ripperda offered Harriel a compromised settlement of $17,300.00, which she accepted, and Warner a compromised settlement of $18,266.35,

which he accepted.  On May 31, 2006, Hanover denied the Williams' claim.  To date, Hanover has neither denied nor paid Harriel or Warner's claims.

Unhappy about Hanover's failure to pay their claims, Harriel, the Williams, and Warner, joined by Golden Properties, Inc. (Golden), Arrow Realty, Inc. (Arrow) and E.J. Sieron (Sieron) filed this action in state court on May 24, 2006; Golden, Arrow and Sieron purport to have an interest in this litigation because they sold the individual plaintiffs their homes pursuant to contracts for deed.  Hanover removed the case to this Court on June 26, 2006 (Doc. 3) and filed a motion to dismiss on July 17, 2006.  Plaintiffs filed an amended complaint on September 12, 2006 (Doc. 25) and Hanover again moved to dismiss on October 12, 2006 (Doc. 30).  The plaintiffs sought leave to amend their complaint once again (Doc. 32).  The Court granted plaintiffs' motion to amend, but, in light of Hanover's opposition, declined to find the motion moot and ordered plaintiffs to respond.

Plaintiffs' second amended complaint (Doc. 51) contains the following nineteen claims for relief: Counts I, VIII, and XV by the individual plaintiffs for breach of their policies, Counts II, IX, and XVI by the individual plaintiffs for violations of 215 ILCS 5/155, Counts III and X by Harriel and Warner for breach of their settlement agreements, Counts IV and XI by Harrier and Warner for promissory estoppel, Counts V and XII by Harriel and Warner for violations of the Consumer Fraud Act, 815 ILCS 505/1-505/12 (CFA), Counts VI, XIII and XVII by Golden, Sieron and Arrow for breach of the individual plaintiffs' policies, Counts VII, XIV and XVIII by Golden, Sieron and Arrow for violations of 215 ILCS 5/155 of the Illinois Insurance Code, and Count XIX by all plaintiffs for negligence.

## ANALYSIS

**I.    Standard on a 12(b)(6) Motion**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiffs. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court will not grant a motion to dismiss unless it appears beyond doubt that plaintiffs cannot prove their claims under any set of facts consistent with the complaint. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). Similarly, it will not grant a motion to dismiss because the complaint is vague or lacking in detail, so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).

## II.     Joinder

Hanover requests dismissal of all plaintiffs' claims for misjoinder. Whether or not the plaintiffs are misjoined, dismissal of this action is not the proper remedy. F.R.Civ.P. 21 ("Misjoinder of parties is not ground for dismissal of an action.").[1] That aside, Federal Rule of Civil Procedure 20 provides the applicable standard. It provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

F.R.Civ.P. 20. In their response to Hanover's motion, plaintiffs focus entirely on the factual commonality among their respective claims, they do not address the second prerequisite, "transactional relatedness." For joinder to be appropriate, plaintiffs must meet both prerequisites. *Harris v. Spellman*, 150 F.R.D. 130, 131 (N.D. Ill. 1993).

---

[1] Hanover apparently recognized this fact after it filed its motion; in its reply, it asks the Court to sever the actions. (Def.'s Reply at 2).

While plaintiffs' claims clearly implicate common questions of law and fact, they do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiffs have sued for breaches of five separate contracts executed by separate individuals at separate times. *See Harris*, 150 F.R.D. at 131. The breaches arise from Hanover's failure to pay damages resulting from three separate fires. There is no indication that its failure to pay these claims was the result of some common policy. *Byers v. Ill. State Police*, No. 99-C-8105, 2000 WL 1808558, at *3 (N.D. Ill. Dec. 6, 2000); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 544 (N.D. Ill. 1998). Because plaintiffs are misjoined, the Court will sever these actions for purposes of trial. The Court will hear this case in three parts: it will hear Harriel and Golden's remaining claims, the Williams and Arrow's remaining claims, and Warner and Sieron's remaining claims separately.

### III.   Breach of the Insurance Contract Claims, Individual Plaintiffs (I, VIII, and XV)

Hanover asserts that this Court must dismiss the individual plaintiffs' breach of contract claims because they have not alleged the terms of the contracts, the circumstances constituting breach, or injuries. In their response, plaintiffs simply rely on the fact that the federal rules do not require them to match facts to every element of a legal theory. *See Bartholet*, 953 F.2d at 1078.

To state a claim for breach of contract under Illinois law, a plaintiff must allege "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Assocs., Inc. v. Nahamani Family Serv. Ctr., Inc.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 1st Dist 2001). In addition, "[t]he plaintiff must allege, among other things, the definite and certain terms of the parties' agreement." *Martusciello v. JDS Homes, Inc.*, 838 N.E.2d 9, 15 (Ill. App. Ct. 1st Dist. 2005); *Romanek v. Connelly*, 753 N.E.2d 1062, 1071 (Ill. App. Ct. 1st Dist. 2001); *Weis v. State Farm Mut. Auto. Ins.*

*Co.*, 776 N.E.2d 309, 312 (Ill. App. Ct. 2d Dist. 2002); *CMS Shipping, Inc. v. Global Freight, Inc.*, Case No. 05-C-7260, 2006 WL 2136502, *2 (N.D. Ill. July 26, 2006).

In the second amended complaint, plaintiffs allege that they performed all their obligations under their policies. They also reference several specific contractual terms Hanover allegedly breached. Count I, for example, alleges Hanover, "Failed to affirm or deny liability on a claim within a reasonable amount of time in breach of the policy's 'Illinois Conformative Amendment Rider'" and "Failed to pay the actual additional living expenses incurred by the policyholder from the date of the loss in breach of the section VI-Additional Living Expense." The other counts contain substantially similar provisions. The Williams have certainly alleged an injury – wrongful denial of benefits under their policy. Harriel and Warner's homes burned down well over a year ago and they have not received payment. This is injury enough. The individual plaintiffs' breach of contract claims are sufficient under the federal rules.

**IV.     Breach of Contract, Other Plaintiffs (VI, XIII and XVII)**

Hanover asks the Court to dismiss Golden, Sieron, and Arrow's breach of contract claims because they were not parties to any contract at issue in this case. In response, these plaintiffs have not set forth any theory under which they can obtain relief for breaches of contracts to which they were not parties. Accordingly, the Court **DISMISSES** these claims.

**V.      Breach of Settlement Contracts and Promissory Estoppel (III, IV, X and XI)**

Hanover claims the breach of settlement agreement claims must be dismissed because plaintiffs have failed to identify the terms of the settlements and when they were entered. In its memorandum in support of its motion and reply, Hanover cited no authority in support of its arguments. Its arguments are impermissibly threadbare and unsupported and are, therefore, waived.

*See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). In any event, the allegations are sufficient. Harriel alleged that Ripperda was Hanover's agent, he offered $17,300.00 to settle her claim, she accepted his offer, and Hanover failed to pay. Harriel attached a letter, dated December 10, 2005, from Ripperda to Hanover stating, in pertinent part, "I offered a compromised settlement of $17,300.00 and Mr. & Mrs. Harriel accepted." (Doc. 25 Ex. D). It continues, "Please process and mail the check to the mortgage [sic], Golden Properties, Inc. . . . The mortgagee is responsible for the current real estate taxes and any charges in demolitions of the above property." (*Id*.). These allegations sufficiently state a claim. Warner's claim contains substantially similar information and is likewise sufficient.

To succeed on a claim for promissory estoppel, a plaintiff must allege and prove "that (1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990). The Court's findings regarding the settlement agreements dispose of Hanover's objections to plaintiffs' promissory estoppel claims as well.

**V.      Section 155 (Counts II, VII, IX, XIV, XVI, XVII)**

Plaintiffs seek damages under § 155 of the Illinois Insurance Code. This section provides, in pertinent part, as follows:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

>  (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
>  (b) $60,000;
>
>  (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action."

215 ILCS 5/155. Section 155 is the "legislature's remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1018 (Ill. 2003) (internal quotation marks omitted).

Citing *Scudella v. Illinois Farmers Ins. Co.*, 528 N.E.2d 218 (Ill. App. Ct. 1st Dist. 1998), Hanover argues that plaintiffs have not included enough factual support to survive a motion to dismiss. As the federal rules require the pleading of claims, not facts, *Hutchinson v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997), courts typically view such claims with a jaundiced eye. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006); *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir.2005). In *Scudella*, the court found an allegation that the insurer "unreasonably delayed and refused to pay" insufficient to state a claim without "some modicum of factual support." In this case, Harriel alleges that Hanover's unreasonable demand letter, refusal to negotiate, failure to investigate her claim properly, and untimely claim resolution were all attempts to get her to walk away from her claim. (Sec. Am. Compl. ¶21). Warner and the Williams make substantially similar arguments. At the very least, plaintiffs have alleged that Hanover delayed paying their claims without reason. While delay, by itself, is insufficient to support a claim under § 155, delay coupled with other culpable conduct can be sufficient. *Indust. Enclosure Corp. v. N. Ins. Corp. of New York*, 1998 WL 852845, at *6 (N.D. Ill. Nov. 30, 1998). Because the complaint does not preclude the possibility that plaintiffs can offer additional support for their claims, the Court finds the claims

sufficient to survive a motion to dismiss. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005); *United States ex rel. James Cape & Sons Co. v. American Home Assurance. Co.*, No. 02-C-1903, 2004 WL 3119029, *5 (N.D. Ill. Dec. 3, 2004).

Hanover's claims with regard to Sieron, Golden, and Arrow are more persuasive. The complaint alleges that the individual plaintiffs were the sole policyholders of policies at issue in this case and that Sieron, Golden and Arrow were lien holders. Section 155 only provides relief to the party insured; it does not extend to third parties. *Yassin v. Certified Grocers of Ill., Inc.*, 551 N.E.2d 1319, 1322 (Ill. 1990). Plaintiffs have not presented any authority that suggests this case does not fall under *Yassin*. Accordingly, the Court finds that Sieron, Golden, and Arrow may not recover under § 155. *See Yachting Experience, LLC v. Doe*, No. 03-C-0259, 2003 WL 22012676, at *3 (N.D. Ill. Aug. 25, 2003).

### VII. Consumer Fraud Act Claims (V and XII)

Hanover contends that plaintiffs' CFA claims fail because they are preempted by their breach of contract and § 155 claims. Hanover also contends that plaintiffs have failed to allege a sufficient consumer nexus, failed to demonstrate proximate causation, and failed to plead their claims with particularity.

In *Cramer v. Insurance Exchange Agency*, 675 N.E.2d 897, 904 (Ill. 1996), the Supreme Court of Illinois held that an insurer's conduct can give rise to both a breach of contract claim and an independent tort claim. Because §155 provides a remedy for vexatious and unreasonable conduct, mere allegations of bad faith or vexatious and unreasonable conduct are insufficient to state a claim for an independent tort. *Id*. In examining tort claims in this context, courts must "look beyond the legal theory asserted to the conduct forming the basis for the claim." *Id*. *Cramer*

demonstrates that plaintiffs' CFA claims are not necessarily preempted by § 155. *See Underwriters Labs., Inc. v. Solarcom LLC*, No. 02-C-3933, 2002 WL 31103476, *4 (N.D. Ill. Sept. 18, 2002); *Commonwealth Ins. Co. v. Stone Container Corp.*, No. 99-C-8471, 2001 WL 477151, *3 (N.D. Ill. May 3, 2001) (finding a separate tort action appropriate where plaintiff alleged that defendant knowingly issued a policy that did not cover a loss while fraudulently representing that its policy did cover the loss); *Anchor Mortgage Corp. v. Certified Credit Reporting, Inc.*, No. 00-C-4248, 2000 WL 1700147, at *2-3 (N.D. Ill. Nov. 8, 2000) (finding a separate tort action appropriate where the defendant misrepresented its billing rates to plaintiff and deliberately overcharged it for credit information for more than five years). *But see Young v. Allstate Ins. Co.*, 812 N.E.2d 741, 757-58 (Ill. App. Ct. 1st Dist. 2004) (finding a separate tort claim inappropriate when claim essentially based on defendant insurer's failure to pay amounts due under the insurance contract); *Leona's Pizzeria, Inc. v. Northwestern Nat. Cas. Co.*, 203 F.Supp.2d 930, 933 (N.D. Ill. 2002) (finding a claim that an insurer lied after the fact to avoid paying a claim amounted to no more than a claim for denial of benefits and breach of contract).

To succeed on a claim for deceptive conduct under the CFA, the plaintiff must allege "(1) a deceptive act or practice, (2) intent on the defendant's part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." *Siegel v. Levy Org. Dev. Co., Inc.*, 607 N.E.2d 194, 198 (Ill. 1992); *Mackinac v. Arcadia Nat. Life Ins. Co.*, 648 N.E.2d 237, 239 (Ill. App. Ct. 1st Dist. 1995). Harriel and Warner premise their CFA claims on their settlement agreements with Hanover. They claim Hanover "intentionally failed to pay the proposed settlement to discourage insured from contacting independent adjusters, appraisers, legal

9

counsel, or the department of insurance, on the belief that payment was forthcoming." (Sec. Am. Compl. ¶¶ 40, 107).

Looking at the conduct forming the basis of plaintiffs' CFA claims, the Court concludes that Harriel and Warner have not stated claims for independent torts. At bottom, they have based their claims on Hanover's failure to pay in accordance with its obligations under the settlement agreements. Harriel and Warner have attempted to shoehorn this failure into fraud by alleging Hanover intentionally failed to pay the settlements to get them to "walk away" from the claims or to keep from contacting lawyers. On their face, these claims are similar to that made in *Commonwealth Ins. Co. v. Stone Container Corp.*, 2001 WL 477151 at *3. There, the court held that the plaintiff stated a separate tort action where it alleged that the defendant knowingly issued a policy that did not cover a loss while representing that the policy did cover the loss. *Id*. Here, however, plaintiffs are not claiming that Hanover does not have an obligation to pay under the settlement agreement; they are claiming it refused to pay. This makes their claims different from those raised in *Stone Container Corp.* and *Anchor Mortgage Corp.* and functionally identical to the claims made in *Young v. Allstate Insurance Company* and *Leona's Pizzeria, Inc. v. Northwestern National Casualty Company*. *See* 812 N.E.2d at 757-58; 203 F.Supp.2d at 933. When a purported tort claim boils down to an insurer's failure to pay, the remedies provided in § 155 and for breach of contract cover the claim and are sufficient. *Cramer*, 675 N.E.2d at 905. Here, plaintiffs have stated claims for breach of contract, promissory estoppel and for vexatious conduct under § 155. Their bases are covered. Plaintiffs' cannot state claims under the CFA. *Id*.

**VII.    Negligence**

All the plaintiffs have asserted a general negligence claim based essentially on Hanover's failure to pay the claims. They have attempted to broaden the scope of the issues by including allegations that Hanover failed to adopt reasonable standards for the prompt investigation of claims as well. While the negligence claim has the appearance of being frivolous, Hanover has failed to support its contention that the claim must be dismissed. Essentially, Hanover maintains that plaintiffs' failure to identify how the claim differs in substance from the § 155 claims shows that it is merely a claim for delay, which would be preempted. In support of this claim, Hanover cites to nothing more than a 1984 decision from the Northern District – without a pinpoint citation – with distinguishable facts. Without more, the Court will not dismiss this claim. *See Spath*, 211 F.3d at 397; *Perry*, 207 F.3d at 382.

## CONCLUSION

For the following reasons, Hanover's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the motion with respect to Counts **V, VI, VII, XII, XIII, XIV, XVIII and XVII**, which it hereby **DISMISSES WITH PREJUDICE**. The Court **SEVERS** the plaintiffs' claims as detailed above. The Court **DENIES** the motion with respect to the remaining counts. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED: April 27, 2007**

 s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE